**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

RECEIVED
JUN 01 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **TURBANA CORPORATION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CARIBE TROPICAL FOODS, INC.**<br><br>**and**<br><br>**ALBERTINO PINA**<br><br>**and**<br><br>**MARIA I. PINA a/k/a MARIA E. PINA,**<br><br>**Defendants.** | **Civil Action No. 04-463L** |

**FINAL CONSENT JUDGMENT, PERMANENT INJUNCTION,**
**STIPULATION AND ORDER**

Plaintiff Turbana Corporation ("Turbana") by and through its attorneys, Whiteman, Bankes & Chebot, LLC, and Brown Rudnick Berlack Israels LLP and defendants Caribe Tropical Foods, Inc. ("Caribe"), Albertino Pina, Maria I. Pina a/k/a Maria E. Pina ("Maria Pina")(Caribe, Albertino Pina and Maria Pina also, collectively, "Defendants") (Caribe and Albertino Pina also, collectively, "Enjoined Defendants"), by and through their attorneys, Raskin & Berman, consent, agree and stipulate to the entry of judgment as follows:

1. Judgment is entered in favor of Turbana and against defendants Caribe and Albertino Pina, jointly, severally and individually in the principal amount of $614,944.83, plus $42,456.41 in pre-judgment interest at 12% per annum (the "A. Pina Judgment") from October 3, 2004, to the date of the entry of Judgment.

2. The A. Pina Judgment amount set forth in paragraph 1, above, including interest at 12% per annum from October 3, 2004, is declared to be covered by the trust provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e, and, as to defendant Albertino Pina, for breach of his duty as a controlling person for failure to maintain the PACA trust in the operations of a produce dealer for Turbana's benefit.

3. Judgment is entered in favor of Turbana and against defendant Maria Pina in the amount of $2,400.00 ("M. Pina Judgment"). Maria Pina is found not to be a principal, directly or indirectly, of Caribe, and is expressly found not to be an "Enjoined Defendant."

4. Enjoined Defendants, their agents, servants, employees, and attorneys and all persons in active concert and participation with them, including, but not limited to, their banking institutions, are each:

a. permanently enjoined from violating the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. §499a, et seq. ("PACA") and regulations promulgated thereunder; and



AP.

b. permanently enjoined from, in any way, directly or indirectly, in whole or in part, absolutely or as security, assigning, transferring, delivering, using in the ordinary course of business or otherwise disposing of or taking any actions with respect to Enjoined Defendants' assets derived from their produce sales and the following items generated in the course of their business: any and all perishable agricultural commodities and products derived therefrom, and proceeds and receivables derived from such perishable agricultural commodities and their products, any funds into which any or all aforesaid assets have been commingled, including, but not limited to, the contents of their bank accounts, and all other assets of Enjoined Defendants, to the extent of $641.944.83 plus prejudgment interest at twelve percent (12%) per year in the amount of $42,456.41, and costs, as may be reduced by payments on the A. Pina and/or M. Pina Judgments; and

c. ordered to provide an accounting to Turbana, within fifteen (15) days after the date of this Order, of the following items generated in the course of Enjoined Defendants' business to the extent, if any, not previously turned over: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities and any and all receivables or proceeds from the sale of such commodities and food or other products, in their possession, custody or control or in the possession, custody and/or control of entities controlled by Enjoined Defendants, and otherwise to account for all assets of the PACA trust. The provisions of this subparagraph will be satisfied provided Albertino Pina meets with a representative of Turbana's counsel at an agreed upon time and place within fifteen (15) days to review disclosed documents to determine which accounts are outstanding; and



A P.

d. ordered to provide an accounting to Turbana, within thirty (30) days of the date of this Order of the following items generated in the course of Enjoined Defendants' business to the extent not previously turned over: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities and any and all receivables or proceeds from the sale of such commodities and food or other products, which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security since the earlier of the inception of Enjoined Defendants' business or when no produce sellers to Enjoined Defendants were owed money on credit, with a description of the property involved, the recipient, the date and the purpose of the distribution, it being acknowledged that Enjoined Defendants have complied with this paragraph; and,

e. ordered to provide an accounting to Turbana, within thirty (30) days of the date of this Order of all assets in Enjoined Defendants' ownership, custody, possession and/or control, or in the possession, custody and/or control of entities controlled by Enjoined Defendants, including the date of acquisition and whether or not such assets or any interest therein derived from the proceeds of Enjoined Defendants' produce sales and, if not, the source of such assets; and

f. ordered to cooperate fully with Turbana to restore to the PACA trust any PACA trust assets derived directly or indirectly from Enjoined Defendants' produce operations and received or transferred by them on or after February 23, 2004, which are lawfully obtainable. The provisions of this subparagraph will be satisfied by Albertino Pina's cooperation with the provisions of subparagraph 4.c.), above, and by his full cooperation with Turbana's efforts to collect



A.P.

outstanding accounts receivable and by turning over all PACA trust assets in his possession, custody or control; and

g. ordered to segregate and escrow all proceeds from produce sales in a trust account to be designated "Caribe Tropical Foods PACA Escrow Account" under Caribe's taxpayer identification number, with Turbana's counsel, Jeffrey M. Chebot, as escrow agent, who will deposit therein all cash assets of the PACA trust, which must be turned over immediately to the escrow agent by Enjoined Defendants, and all other PACA trust assets, to be liquidated and turned over to the escrow agent by Enjoined Defendants as soon as possible, no withdrawals to be made therefrom pending further order of this Court. Enjoined Defendants will turn over all produce sales proceeds to Mr. Chebot, who will open and manage the referenced account, subject to Court control; and

h. ordered to deliver to Turbana's counsel within thirty (30) days, to the extent not previously turned over, complete records of all accounts payable and all accounts receivable of Enjoined Defendants generated by their perishable agricultural commodities business, subject to those receivables being collected by Enjoined Defendants, as a matter of duty, or plaintiff Turbana, as a matter of right, and deposited in the "Caribe Tropical Foods PACA Escrow Account". The provisions of this subparagraph will not be enforced by Turbana provided Enjoined Defendants comply fully with the provisions of subparagraphs 4.c.) and f.), above; and

i. to deliver to Turbana's counsel within thirty (30) days, to the extent not previously turned over, copies of all of Enjoined Defendants' corporate and individual books and



AP.

records, minute books, organizational documents, original and as amended, bank statements, payment ledgers and journals, bank statements, tax returns, accounts, payment records, and investment account records, from the inception of Enjoined Defendants' produce business;

Paragraph 4 is not applicable to Maria Pina.

5. Turbana will forbear from enforcing the M. Pina Judgment against defendant Maria Pina, provided she pays the full principal amount of the M. Pina Judgment in monthly installments of $100, commencing ~~April 1~~ June 15 - MP, 2005, all payments to be made directly to Turbana at its business address. All principal amounts may be prepaid without penalty.

6. The parties' agreement to the payments set forth in paragraph 5 above, pursuant to the M. Pina Judgment entered in paragraph 3, above, is without prejudice to Turbana's standing as a PACA trust creditor as set forth in paragraph 2, above. It is not intended that the original credit terms between Turbana and Enjoined Defendants be modified by this stipulation since the parties have confirmed and Turbana has enforced Enjoined Defendants' obligations by this action and the A. Pina Judgment.

7. All assets of Enjoined Defendants derived directly or indirectly from produce sales of Albertino Pina and/or Caribe are impressed with the PACA trust for Turbana's benefit until the A. Pina Judgment is paid in full.

8. All payments made by or on behalf of Defendants to Turbana under the M. Pina Judgment will also be credited against the A. Pina Judgment. All payments made by or on behalf of Defendants to Turbana under the A. Pina Judgment will also be credited against the M. Pina Judgment.

9. If Defendant Maria Pina defaults in her obligations as set forth in paragraph 5, above, Turbana shall provide Maria Pina and Defendants' counsel with written notice of the default via regular mail. If, after ten (10) days from the date of mailing of this notice, Maria Pina fails to cure the arrearage, Turbana shall be entitled to enforce the M. Pina Judgment against Maria Pina in the sum of $2,400.00 plus accumulated interest and reasonable attorneys' fees and costs, less any payments made to Turbana.

11. Upon payment to Turbana of the amounts set forth in paragraph 5, Turbana will cause to be entered a satisfaction of the M. Pina Judgment on the record.

12. The final balance of defendant A. Pina/Caribe's former business account at Fleet Bank in the amount of $998.89, presently held in escrow by counsel for Turbana, will be turned over and paid to Turbana in its entirety since the amount of common fund fees incurred by Turbana in enforcing the PACA trust in this case considerably exceeds that stated final balance.

//

//

//

IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT:

**TURBANA CORPORATION**

By its attorneys,

Dated: June 1, 2005

William M. Dolan, III (#4524)
Brian J. Lamoureux (#6211)
**BROWN RUDNICK BERLACK ISRAELS LLP**
121 South Main Street
Providence, RI 02903
Tel: (401) 276-2600
Fax: (401) 276-2601

and

Dated: June 1, 2005

JMC / by bjl w/ permission

Jeffrey M. Chebot, JC-8441
(admitted pro hac vice)
**WHITEMAN, BANKES & CHEBOT, LLC**
Suite 1300, Constitution Place
325 Chestnut Street
Philadelphia, PA 19106
Tel: (215) 829-0014
Fax: (215) 829-0059
Of Counsel

**CARIBE TROPICAL FOODS, INC., ALBERTINO PINA and MARIA I. PINA a/k/a MARIA E. PINA**

By their attorneys,

Dated: ___________

Russell D. Raskin
BC #1880
**RASKIN & BERMAN**
116 East Manning Street
Providence, RI 02906
Telephone: (401) 421-1363



VAP.

**ORDER**

HAVING REVIEWED AND CONSIDERED the foregoing Final Consent Judgment, Permanent Injunction Stipulation ("Stipulation") for judgment against defendants Caribe Tropical Foods, Inc., Albertino Pina and Maria I. Pina a/k/a Maria E. Pina, and it appearing to the satisfaction of the Court that judgment and injunctive relief in accordance with the terms of the Stipulation should be entered,

IT IS ORDERED that the Stipulation is approved in its entirety and that judgment and permanent injunctive relief as stated therein is entered against defendants Caribe Tropical Foods, Inc., and Albertino Pina and separate monetary judgment, only, as stated therein, is entered against defendant Maria I. Pina a/k/a Maria E. Pina.

Date: 6/1/, 2005

BY THE COURT:

Ronald R. Lagueux

The Honorable Ronald R. Lagueux
United States District Court Senior Judge